RAKOWER LAW • PLLC

April 29, 2026

**VIA ECF**

Hon. Paul A. Engelmayer
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**Re: *Ready Makers Inc. v. Christina Macedo, et al.*,**
**No. 26 Civ. 493 (S.D.N.Y.) (PAE)**

Dear Judge Engelmayer:

We write on behalf of plaintiff, Ready Makers Inc., in response to the letter from defendants Christina Macedo and DieciXi Co Limited, dated April 24, 2026 (ECF 23), seeking an adjournment of the May 6, 2026 Initial Pretrial Conference. The application should be denied.

## I. The Initial Pretrial Conference Should Proceed as Scheduled or, Alternatively, Be Adjourned Only Until the Anticipated Pre-Answer Motion Is Filed

The filing of certain defendants' anticipated pre-answer motion will not automatically stay discovery, and defendants have not moved for a discovery stay. Since the Initial Pretrial Conference is integral to the discovery process, it should proceed as scheduled.

In the alternative, the Initial Pretrial Conference should be adjourned only until the Court's earliest availability on or after May 26, 2026, which is one week after the moving defendants must file their anticipated pre-answer motion. *See* Stipulation, So Ordered Mar. 19, 2026 (ECF 19).

## II. The Anticipated Pre-Answer Motion Lacks Merit

The moving defendants' letter fails to articulate a meritorious defense to this action.

### A. *Colorado River* Abstention Does Not Apply

As a general rule, a federal court may not abstain from hearing a case that falls within its subject matter jurisdiction. *See Colo. River Water Conservation Dist. et al. v. United States*, 424 U.S. 800, 817 (1976) ("Generally, as between state and federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction . . . [and] stems from the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them."). *Colorado River* abstention is an "extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before

it," an exception which may be exercised only in "exceptional circumstances." *Vill. of Westfield v. Welch's*, 170 F.3d 116, 121 (2d Cir. 1999) (internal quotation marks removed).

When evaluating potential *Colorado River* abstention, the Court must first determine whether the actions at issue are "parallel." Only if the actions are parallel may the Court proceed to apply *Colorado River*'s six-factor balancing test. *Id.* at 121. The movant bears the burden of persuasion. *Arkwright-Bos. Mfrs. Mut. Ins. Co. v. City of N.Y.*, 762 F.2d 205, 210 (2d Cir. 1985). Here, the actions are not parallel, and the six-factor test weighs against abstention in any event.[1]

"Suits are parallel when substantially the same parties are contemporaneously litigating substantially the same issue in another forum, or when the two proceedings are essentially the same; that is, there is an identity of parties, and the issues and relief sought are the same." *Grgurev v. Licul*, 15-cv-9805, 2020 WL 1922688, at *3 (S.D.N.Y. Apr. 21, 2020) (internal quotations and citations omitted). Parallelism requires "a substantial likelihood that the state litigation will dispose of *all* claims presented in the federal case." *Shields v. Murdoch*, 891 F. Supp. 2d 567, 577 (S.D.N.Y. 2012). Any doubt about the parallel nature of the litigations must be resolved against the movant. *Id.* The litigations at issue manifestly are not parallel, and the moving defendants' attempt to draw a connection between the Delaware action and *one* of the *twelve* causes of action asserted in this case fails to establish otherwise. *See* ECF 23 at 2 (discussing DTSA claim).

The Delaware action was filed against a different defendant, asserts different claims, and seeks different damages than this action. In Delaware, Ready Makers sued Ready Gibraltar, an affiliated entity incorporated in Gibraltar, for its breaches of an intellectual property master services agreement (the "IPMSA"). Ready Makers seeks contractual remedies, including a declaration of ownership of certain assets it licensed to Ready Gibraltar under the IPMSA. The IPMSA requires those claims be adjudicated in Delaware under Delaware law. Here, in contrast, Ready Makers has sued two former employees and officers and their affiliated entity. The action asserts twelve causes of action seeking damages for the disloyal acts of those defendants and seeks a range of relief including monetary damages and equitable disgorgement of compensation.

Critically, while the disloyal actions of the defendants in this case brought about Ready Gibraltar's wrongful assertion of ownership over the assets at issue in the Delaware action, the resolution of the Delaware claims *will not dispose of the claims at issue in this case.* That is because, even *if* the Delaware court were to determine that Ready Gibraltar has complied with its obligations under the IPMSA, the defendants in this action would *still* bear liability for their disloyal and unlawful conduct in engineering a transfer of assets that was contrary to the interests

[1] In the interest of brevity, this letter does not detail Ready Makers' arguments concerning the six-factor test.

and intentions of their employer, Ready Makers.[2] That fact alone precludes a finding that the instant actions are parallel. *Grgurev*, 2020 WL 1922688, at *3; *Shields*, 891 F. Supp. 2d at 577.

### B. Comity Does Not Require Dismissal of this Action

The moving defendant's comity argument is equally unavailing. Comity-based abstention, like *Colorado River* abstention, is a narrow exception to the Court's "virtually unflagging obligation to exercise its jurisdiction." *Royal & Sun Alliance Ins. Co. of Canada v. Century Int'l Arms, Inc.*, 466 F.3d 88, 93-94 (2d Cir. 2006) (internal quotation marks removed). Thus, as with *Colorado River* abstention, the Court may abstain for reasons of comity only where the actions are parallel. *Id.* Further, comity-based abstention requires that the foreign jurisdiction be adequate to resolve the issues presented in the federal action. *Id.* at 94.

Only after establishing the existence of a parallel action and an adequate foreign forum may a court proceed to analyze the rest of the comity-abstention doctrine's multi-factor balancing test. *Id.* at 95 ("The existence of a parallel action in an adequate foreign jurisdiction must be the beginning, not the end, of a district court's determination of whether abstention is appropriate."). That balancing test requires that the case exhibit "exceptional circumstances" that materially distinguish it from "circumstances that routinely exist in connection with parallel litigation." *Id.* (holding that district court abused discretion by abstaining without exceptional circumstances).[3]

The SDNY and Gibraltar actions are not parallel. In Gibraltar, Ready Makers and certain affiliates asserted ownership of Ready Gibraltar and rights under certain token agreements with that entity. Those issues are distinct from the claims here. And even if they were theoretically parallel, Ready Makers discontinued some time ago *all* affirmative claims in Gibraltar as of right. All that remains of the Gibraltar action is the defendants' counterclaim, which is deficient on its face and the subject of a pending application for summary judgment and strike-out.

Gibraltar is not an adequate forum to adjudicate U.S. statutory claims or to litigate Ready Makers' employees' derogation of their obligations to their U.S. employer. Further, to the extent defendants now argue that the contract claims at issue in Delaware are essential to the resolution of the claims before this Court, the Gibraltar court expressly held in its judgment dated December 19, 2025 that Gibraltar is not the proper forum for claims seeking to enforce the IPMSA.

## III. Conclusion

For these reasons, the moving defendants' anticipated motion lacks merit and should be denied in due course. In any event, the filing of that motion will not stay discovery, so the Initial Pretrial Conference should proceed as scheduled or, in the alternative, be adjourned only until a reasonable time after the defendants file their anticipated motion.

---

[2] Defendants characterize this litigation as a disguised attack on Ready Gibraltar that seeks a constructive trust "over the proceeds of the $PLAY token launch." ECF 23 at 2. Not so. Ready Makers expressly seeks a constructive trust over proceeds of the token launch "received . . . *by Macedo or Cormier*." Compl. (ECF 8) at 35.

[3] Here again, this letter does not detail all of Ready Makers' arguments concerning the multi-factor test.

Respectfully submitted,

*/s/ Michael C. Rakower*
Michael C. Rakower
*Counsel for Plaintiff*

cc: All Counsel and Pro Se Parties (via ECF)